# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jedidiah Worrick, | C/A: 2:24-cv-415-RMG |
| Plaintiff, | |
| v. | |
| Rebecca Hill, *et al.*, | **ORDER AND OPINION** |
| Defendants. | |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 8) of the Magistrate Judge recommending that the Court dismiss Plaintiff's complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiff's complaint.

## I. Background and Relevant Facts

Plaintiff, proceeding pro se and in forma pauperis, filed the following statement of claim:

> Rebecca Hall for dereliction of duty for improper filing of court documents, Michael Kerr for ineffective council as court appointed counsel, Charles Turkle and Colleton County DSS for illegal seizure of personal financial assets, and City of Walterboro for hiring practices.

(Dkt. No. 1 at 5). In a "Letter of Intent to Sue," Plaintiff alleges against the Department of Social Services ("DSS") and Turkle, "By the illegal seizure of Mr. Worrick's personal financial assets after an order for relinquishment had been filed and approved. Charles Turkle, For the Violation of Fourth Amendment, and Third Amendment." (Dkt. No. 1-1 at 1) (errors in original).

On April 16, 2024, the Court issued a proper form order to Plaintiff warning him that his complaint failed to state a claim upon which relief could be granted. (Dkt. No. 5). Plaintiff was provided an opportunity to bring his case into proper form. (*Id.* at 7) (warning Plaintiff that a failure to bring the complaint into proper form risked a recommendation to the district court that the complaint be dismissed without prejudice and without leave to amend).

Plaintiff did not file an amended complaint and on May 29, 2024, the Magistrate Judge filed an R&R recommending that this action be dismissed. (Dkt. No. 8).

Plaintiff did not file objections to the R&R.

## II.     Legal Standards

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is review for clear error.

## III.    Discussion

-3-

After a review of the record and the Magistrate Judge's detailed 12-page R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's complaint fails to state a claim upon which relief may be granted. (Dkt. No. 8 at 3-11) ("It is recommended that this action be dismissed because: Plaintiff fails to state a claim against any of the Defendants; Defendant Kerr is not a state actor under § 1983; Plaintiff has not stated facts to establish municipal liability against Defendant City of Walterboro; Defendant Hill is entitled to quasi-judicial immunity; Defendant Colleton County DSS Agency and Defendant Turkle in his official capacity are entitled to Eleventh Amendment immunity; and this Court should not exercise supplemental jurisdiction over any state law claims. Plaintiff has also failed to bring his case into proper form.").

### IV. Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 8) as the Order of the Court and **DISMISSES** the instant action without prejudice and without further leave to amend.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

June 18, 2024
Charleston, South Carolina